# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| [1] CHARLENE BRIDGES,<br><br>        Plaintiff,<br><br>vs.<br><br>[1] WALMART STORES, INC.,<br>[2] D.H. PACE COMPANY INC.,<br><br>        Defendants. | Case No. CIV-19-213-G<br><br>Cleveland County Case<br>No. CJ-2018-1627<br><br>**JURY TRIAL DEMANDED** |

## NOTICE OF REMOVAL

Defendant D.H. Pace Company, Inc. ("D.H. Pace"), hereby removes this action from the District Court of Cleveland County, Oklahoma, to the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C. §§ 1332, 1441, 1446. The grounds for removal are as follows:

1. On December 17, 2018, Plaintiff Charlene Bridges commenced this action by filing a Petition in the District Court of Cleveland County, Oklahoma.

2. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.2, a copy of the Cleveland County District Court docket sheet is attached as Exhibit 1 and copies of the process, Petition, and other pleadings are attached hereto as Exhibits 2-6.

3. The Petition alleges claims of negligence against Wal-Mart Stores East, L.P. ("Walmart") and D.H. Pace. *See generally* Plaintiff's Petition, attached as Exhibit 2.

4. At present, there are no pending motions or discovery requests.

5.  D.H. Pace filed its Answer on March 4, 2019. *See* Answer of D.H. Pace, attached as Exhibit 5.

I.  **All Procedural Requirements for Removal Are Satisfied**

6.  Under 28 U.S.C. §§ 166(c), 1446(a), the United States District Court for the Western District of Oklahoma is the appropriate court to remove a civil action from the District Court of Cleveland County, Oklahoma.

7.  The Petition alleges the subject incident occurred at a Walmart store in Cleveland County, Oklahoma. *See* Plaintiff's Petition, ¶ 6, attached as Exhibit 2.

8.  The summons and petition were served on D.H. Pace on February 12, 2019. This Notice of Removal is filed within 30 days after D.H. Pace's receipt of "the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Thus, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1).

9.  Pursuant to 28 U.S.C. § 1446(b)(2), D.H. Pace does not know whether Walmart has been served at this time.

10. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this notice of removal shall be given to the Plaintiffs and shall be promptly filed with the clerk of the District Court of Cleveland County, Oklahoma after the filing of this Notice of Removal.

II. **The Court Has Subject-Matter Jurisdiction of this Action**

11. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because this is a civil action where the amount in controversy exceeds $75,000, and the Plaintiff and Defendants are citizens of different states.

12. It is apparent from the face of the Petition that Plaintiff seeks recovery of an amount in excess of $75,000, exclusive of interest and costs. *See* Petition, attached as Exhibit 2, at ¶ 25 (seeking damages in excess of the amount required for diversity jurisdiction under 28 U.S.C. § 1332, $75,000.00).

13. The assertions regarding damages in the Petition are sufficient to demonstrate that the amount in controversy requirement for diversity jurisdiction has been met. 28 U.S.C. § 1446(c)(2).

14. An individual's citizenship is determined by their domicile, meaning the place where the individual resides with an intent to remain indefinitely. *See Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). While residence and citizenship are not equivalent, "the place of residence is *prima facie* the domicile." *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

15. Plaintiff "was and is a citizen and resident of Cleveland County," Oklahoma. *See* Petition, attached as Exhibit 2, at ¶ 1.

16. In order to determine the citizenship of a limited partnership, the court must ascertain the citizenship of both its general and limited partners. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 110 S. Ct. 1015 (1990); *see also Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901 (10th Cir. 2015).

17. Defendant Wal-Mart Stores East, L.P., is a Delaware Limited Partnership with its principal place of business in Bentonville, Arkansas. The general partner of Wal-Mart Stores East, L.P. is WSE Management, LLC, and the limited partner of Wal-Mart Stores East, L.P. is WSE Investment, LLC. *See* Defendant's Resp. to Court Order to

Show Cause, *Crick v. Wal-Mart Stores East, LP*, No. 8:19-cv-00384 (M.D. Fla. Mar. 1, 2019), ECF No. 10, attached as Exhibit 7.

    a. WSE Management, LLC, and WSE Investment, LLC, are Delaware limited liability companies with their principal place of business in Bentonville, Arkansas. The only member of WSE Management, LLC, and WSE Investment, LLC, is Wal-Mart Stores East, LLC.

    b. Wal-Mart Stores East, LLC is an Arkansas limited liability company with its principal place of business in Bentonville, Arkansas. The only member of Wal-Mart Stores East, LLC, is Wal-Mart Stores, Inc.

    c. Wal-Mart Stores, Inc. is a Delaware corporation with its principal place of business in Bentonville, Arkansas.

18. Based on the above, for diversity jurisdiction purposes, Defendant Wal-Mart Stores East, L.P. is and has been a citizen of the States of Arkansas and Delaware. *See* Exhibit 7.

19. A corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

20. D.H. Pace is a corporation organized under the laws of the state of Delaware, with its principal place of business in the State of Kansas. Thus, it is a citizen of the State of Delaware and Kansas for purposes of diversity jurisdiction.

21. Should the Court determine that this Notice of Removal is in some manner defective, D.H. Pace respectfully request that the Court allow them to amend or supplement, as necessary.

WHEREFORE, Defendant D.H. Pace Company, Inc. hereby removes this matter from the District Court of Cleveland County, Oklahoma to the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 and invokes this Court's jurisdiction.

Respectfully submitted,
**JOHNSON & JONES, P.C.**

s/ *Joshua D. Poovey*
J. Christopher Davis, OBA No. 16639
Joshua D. Poovey, OBA No. 32103
Two Warren Place
6120 S. Yale, Suite 500
Tulsa, Oklahoma 74136
Telephone: (918) 584-6644
Fax: (888) 789-0940
cdavis@johnson-jones.com
jpoovey@johnson-jones.com
**ATTORNEYS FOR DEFENDANT
D.H. PACE COMPANY, INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 4, 2019, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed and served via the CM/ECF e-file system and/or U.S Mail upon the following:

Jonathan R. Ortwein
LAIRD HAMMONS LAIRD, PLLC
1332 S.W. 89th St.
Oklahoma City, Oklahoma 73159
*Attorneys for Plaintiff*

s/ *Joshua D. Poovey*