

### IN THE DISTRICT COURT OF CLEVELAND COUNTY
### STATE OF OKLAHOMA

| | |
|---|---|
| (1) CHARLENE BRIDGES,<br><br>Plaintiff,<br><br>vs.<br><br>(1) WAL-MART STORES EAST, LP, a Delaware limited partnership<br>(2) D.H. PACE, INC., a foreign corporation<br><br>Defendants. | Case No.: CJ-2018-1627<br><br>STATE OF OKLAHOMA<br>CLEVELAND COUNTY } S.S.<br>FILED<br>DEC 17 2018<br><br>In the office of the<br>Court Clerk MARILYN WILLIAMS |

### PETITION

COMES NOW Plaintiff Charlene Bridges and for her cause of action against Defendants, Wal-Mart Stores East, LLP, and D.H. Pace, Inc., alleges and states as follows:

### THE PARTIES

1. Charlene Bridges was a citizen and resident of Cleveland County at all times material hereto.

2. Defendant Wal-Mart Stores East, L.P., ("Walmart") was a Delaware limited partnership doing business in Oklahoma with a store located at 501 SW 19th St., Moore, OK, at all times material hereto.

3. Defendant D.H. Pace, Inc., ("Pace") was a Delaware corporation doing business in Oklahoma at all times material hereto.

### JURISDICTION AND VENUE

4. This is an action arising from injuries sustained by Charlene Bridges while present on the premises of Walmart and caused by the negligence of Walmart and Pace in maintaining an automatic sliding door.

5. This Court has jurisdiction over the parties hereto, jurisdiction of the subject matter hereof, and venue is proper.

## THE CAUSE OF ACTION

6. On June 4, 2018, Charlene Bridges was an employee of Walmart and finished her shift at the store located at 501 SW 19th St. in Moore, Oklahoma.

7. After clocking out, Charlene stayed in the store to do some shopping.

8. After making her purchase, Charlene attempted to exit through automatic sliding doors at the front of the store.

9. While crossing the threshold, the door malfunctioned and hit Charlene.

10. The impact knocked Charlene into a sign near the door and, ultimately, to the ground.

11. The impact and fall caused physical injuries to Charlene's neck and shoulders.

12. Walmart had prior notice of the door's defective nature

13. Despite having prior notice of the door's defective nature, Walmart failed to take proper steps to warn people present in the store of the hazard posed by the door.

14. Despite having prior notice of the door's defective nature, Walmart failed to take proper steps to eliminate the hazard posed by the door.

15. Pace was the installer and/or manufacturer of the door at issue.

16. Pace continues to perform maintenance on the doors installed in Walmart's store.

17. Pace was informed by Walmart of the door's defective nature prior to the date of Charlene's injury.

18. Pace failed to properly inspect and/or repair the door after receiving notice of the door's defective nature.

19. At all times, Charlene Bridges was acting in a safe and prudent manner.

## CAUSATION OF PLAINTIFF'S DAMAGES

20. The injuries and damages sustained by Charlene Bridges, more particularly described below, were produced in a natural and continuous sequence from Walmart's negligent

maintenance of its premises and its failure to use ordinary care for the safety of Charlene Bridges.

21. The injuries and damages sustained by Charlene Bridges were a probable consequence from Walmart's negligent maintenance of its premises and its failure to use ordinary care for the safety of Charlene Bridges.

22. Walmart should have foreseen and anticipated that a violation of its duty to use ordinary care would constitute an appreciable risk of harm to others, including Charlene Bridges.

23. If Walmart had not violated its duty to use ordinary care for the safety of Charlene Bridges and had adequately maintained its premises, then Charlene Bridges' injuries and damages would not have occurred.

## COMPENSATORY DAMAGES SUSTAINED BY PLAINTIFF

24. The injuries and damages sustained by Charlene Bridges as a result of Defendants' violations of the above described safety rules, include but are not limited to the following:

Pursuant to the provisions of 12 O.S. §3226(A)(2)(a), Charlene Bridges submits this preliminary computation of damages sought in this lawsuit. As this is an action for injuries suffered by an adult, Charlene Bridges advises that all damages recoverable by law are sought, including those listed in OUJI3d 4.1. Under item (K), the total of Charlene Bridges' medical bills is unknown at this time as treatment continues. At this point, Charlene Bridges does not know the amount of future medical expense, if any. These items are among the elements for the jury to consider in fixing the amount of damages to award to Charlene Bridges. Other than the amounts which Charlene Bridges has specifically identified, and which are capable of being ascertained to some degree of certainty, Charlene Bridges is unable to guess or speculate as to what amount of damages a jury might award. The elements for the jury to consider include the following:

   a. Charlene Bridges' physical pain and suffering, past and future;

b. Charlene Bridges' mental pain and suffering, past and future;

c. Charlene Bridges' age;

d. Charlene Bridges' physical condition immediately before and after the accident;

e. The nature and extent of Charlene Bridges' injuries;

f. Whether the injuries are permanent;

g. The physical impairment;

h. The disfigurement;

i. Loss of [earnings/time];

j. Impairment of earning capacity;

k. The reasonable expenses of the necessary medical care, treatment, and services, past and future.

## AMOUNT OF DAMAGES

25. Charlene Bridges seeks damages in excess of the amount required for diversity jurisdiction under 28 USC § 1332 (currently $75,000.00) plus interest, costs and all such other and further relief for which should be awarded as judgment against Walmart and Pace, in an amount to fully and fairly compensate Charlene Bridges for each and every element of damages that has been suffered.

## DEMAND FOR JURY TRIAL

26. Charlene Bridges demands a jury trial for all issues of fact presented by this action.

## RESERVATION OF ADDITIONAL CLAIMS

27. Charlene Bridges reserves the right to plead further upon completion of discovery to state additional claims and to name additional parties to this action.

WHEREFORE, Charlene Bridges, prays for judgment against the Defendants in a sum in excess of $75,000.00, plus interest, costs and all such other and further relief as to which Charlene Bridges may be entitled.

Respectfully submitted,

Jonathan R. Ortwein, OBA #32092
LAIRD HAMMONS LAIRD, PLLC
1332 S.W. 89th St.
Oklahoma City, OK 73159
Telephone: (405) 703-4567
Facsimile: (405) 703-4061
Email:
ATTORNEY FOR PLAINTIFF

**ATTORNEY LIEN CLAIMED**