## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **CHARLENE BRIDGES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-19-213-G** |
| | ) | |
| **WAL-MART STORES EAST, LP,** | ) | |
| **a Delaware limited partnership, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

Now before the Court is a Motion in Limine (Doc. No. 67) filed by Defendants Wal-Mart Stores East, LP, and D.H. Pace, Inc.  Plaintiff Charlene Bridges has responded (Doc. No. 82), and the Motion is now at issue.

In this action, Plaintiff brings negligence claims against Defendants for injuries sustained in an incident on June 4, 2018, when she was struck by an automatic sliding door at a Walmart store in Moore.  The matter is set on the Court's May 2021 jury-trial docket.

### I.    *Applicable Law*

A motion in limine is a "pretrial request that certain inadmissible evidence not be referred to or offered at trial."  *Edens v. Netherlands Ins. Co.*, 834 F.3d 1116, 1130 (10th Cir. 2016) (emphasis and internal quotation marks omitted).  Through such a motion, a party may "request . . . guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy."  *Id.* (internal quotation marks omitted).  "A court's in limine rulings are preliminary and are subject to change as the case unfolds or at its discretion."  *Godfrey v. CSAA Fire & Cas.*

*Ins. Co.*, No. CIV-19-329-JD, 2020 WL 1056306, at *1 (W.D. Okla. Mar. 4, 2020) (citing *Luce v. United States*, 469 U.S. 38, 41-42 (1984)).

II.     *Defendants' Motion*

In their Motion, Defendants request that Plaintiff be prohibited from referencing various items of evidence and making certain arguments.  *See* Defs.' Mot. at 2-11.

A.  *Liability Insurance*

Defendants ask that there be no mention of their liability insurance.  Plaintiff does not object.  This request is GRANTED.  *See* Fed. R. Evid. 411; *Rhodes v. Curtis*, No. Civ.04-476, 2006 WL 1047021, at *1 (E.D. Okla. Apr. 12, 2006).

B.  *Medical Bills from Providers Offering Sworn Statements*

Defendants next seek to preclude evidence of Plaintiff's medical bills that were issued by providers who also provided a sworn statement of acceptance of an amount paid as full payment.  *See* Defs.' Mot. at 3-4; Okla. Stat. tit. 12, § 3009.1(A).  Plaintiff responds that she has waived any claim for past medical expenses and that she likewise seeks to exclude evidence of past medical bills, rendering the request moot.  *See* Pl.'s Resp. at 1.

The Court declines to reach the issue of application of the Oklahoma statute but, given Plaintiff's lack of objection, GRANTS Defendants' request to exclude evidence of Plaintiff's past medical bills from providers who have provided a sworn statement.

C.  *Previous Incident*

Defendants argue that evidence of a previous automatic-door incident at the Walmart store should be excluded as irrelevant.  *See* Defs.' Mot. at 4-5; Fed. R. Evid. 401. Plaintiff does not object.  This request is GRANTED.

2

### D. Subsequent Remedial Measures

Next, Defendants address the elicitation of testimony regarding post-incident adjustments to and inspection of the relevant interior automatic door.  First, Defendants seek to exclude testimony regarding: (i) the disabling of the reduced-open function by a D.H. Pace technician on all of the store's automatic doors on June 18, 2018, and (ii) the increasing of the motion sensor field size for the relevant door from 7 to 9 by a technician on October 1, 2018.  *See* Defs.' Mot. at 5-7.  Plaintiff does not object to this request.  The request is GRANTED.

Second, Defendants seek exclusion of evidence and testimony to the effect that on October 1, 2018, "the technician wrote down the settings on the door's sensors."  Defs.' Mot. at 6; *see also id.* ("Plaintiff may argue that she would seek to elicit testimony on this subject to impeach any witness who might testify that the sensors had the appropriate settings . . . .").  Plaintiff objects, arguing that those settings are relevant because "[t]here is clear evidence that no D.H. Pace and no Wal-Mart employee took any actions to alter the settings of the sensors and door at issue prior to [the technician's] recording of those settings on October 1, 2018."  Pl.'s Resp. at 2.

The Court agrees that evidence tending to establish the door's sensor settings on the date of the incident is relevant.  Further, although the technician's visit took place subsequent to the incident, merely making the notation does not amount to a "remedial measure."  *See* Fed. R. Evid. 407 (defining such measures as those "that would have made an earlier injury or harm less likely to occur").  Accordingly, Defendants' request is DENIED in this regard.

3

### E.  *Door Settings on the Date of the Incident*

Defendants' briefing is vague on this point.  Defendants seek exclusion of any testimony by unidentified nonexpert witnesses that constitutes an "opin[ion]" or "analy[sis]" regarding the relevant door and its specific settings.  Defs.' Mot. at 7-8.  According to Defendants, such opinions or analysis would constitute specialized knowledge for which expert testimony is required pursuant to Federal Rule of Evidence 702.

Plaintiff responds that Defendants' inspection and maintenance of the door is a relevant issue on her negligence claim and that questioning the technicians who certified the door as to their understanding of its settings is appropriate and within those technicians' own perception.  *See* Pl.'s Resp. at 3-4; *see also* Fed. R. Evid. 701(a) (prescribing that a lay witness may testify to an opinion that is "rationally based on the witness's perception").

Defendants' limited argument does not adequately support a preliminary ruling that broadly prohibits Plaintiff from "asking any witnesses to opine on or analyze" their examinations of the door and its settings.  Defs.' Mot. at 8; *see Taber v. Allied Waste Sys., Inc.*, No. CIV-13-773-D, 2015 WL 1119750, at *10 (W.D. Okla. Mar. 11, 2015) (finding that no expert testimony was required to determine that the spacing of rungs on a ladder did not comply with regulations and ANSI standards); *see also Cook v. Peters*, No. 13-cv-107, 2015 WL 10986407, at *1 (N.D. Okla. July 30, 2015) ("A court will generally not grant a motion in limine unless the moving party meets its burden of showing that the evidence in question is clearly inadmissible on all potential grounds." (internal quotation

4

marks omitted)).  This request is DENIED.  Rather, the Court will individually consider each witness's testimony and will address any specific objections thereto as they arise.

### F.  Plaintiff's Expert's Past Medical Negligence Cases

Citing a lack of relevance, Defendants request that the Court preclude Plaintiff from questioning their medical expert, Dr. Zane Uhland, regarding any medical-negligence lawsuits in which Dr. Uhland was named as a defendant.  *See* Defs.' Mot. at 9-10.  Plaintiff has no objection to this request.  The request is GRANTED.

### G.  Expert Testimony from Lay Witnesses

Finally, Defendants argue that Plaintiff should be prevented from soliciting testimony from lay witnesses that is properly reserved to experts, namely opinions as to: (1) whether the door's settings complied with ANSI automatic-door standards; and (2) whether the actions taken by Defendants' employees regarding the incident complied with Defendants' policies and procedures.  *See* Defs.' Mot. at 10-11.

With respect to the ANSI standards, although the Court previously limited such questioning as directed to defendant corporate representatives, Plaintiff persuasively notes that the reasons for limiting those Rule 30(b)(6) depositions have not been shown to apply to questioning of field technicians at trial.  *See* Pl.'s Resp. at 3-5; *see also* Order of Aug. 25, 2020 (Doc. No. 55) at 1-2.  While the Court will not permit any of Defendants' employees to improperly speculate, such employees shall be permitted to testify as to their performance of job duties—including, if applicable, certification of compliance with industry standards—and to offer opinions that are rationally based on their own knowledge and perceptions.  *See* Fed. R. Evid. 701(a); *Taber*, 2015 WL 1119750, at *10.

With respect to compliance with policies and procedures, the Court previously limited Plaintiff to questioning of corporate representatives as to the content of Defendants' policies and procedures and to the representatives' own interpretation of those policies and procedures.  *See* Order of Aug. 25, 2020, at 2 ("Plaintiff may not ask whether any specific conduct of Defendants or Defendants' employees complied or failed to comply with a policy or procedure.").  Defendants do not sufficiently support their request to broadly extend that ruling to all witnesses at trial.  *Cf. Hemingway v. Russo*, No. 2:16-cv-00313, 2018 WL 6333788, at *1 (D. Utah Dec. 4, 2018) ("[A] motion in limine is not a procedure by which parties can secure judicial reinforcement of the ever-applicable Federal Rules of Evidence.  It is also not an opportunity for counsel to conceive of every possible evidentiary contingency at trial . . . and obtain prophylactic rulings to prevent them.").

Finally, Defendants point to surveillance video showing the door in question, asking that footage not depicting Plaintiff be excluded and that Defendants be prohibited "from playing other excerpts of the surveillance video and suggesting that [they] show[] a door malfunction."  Defs.' Mot. at 10-11.  The Court agrees with Plaintiff that this request "has nothing to do with expert testimony."  Pl.'s Resp. at 5.  Defendants have not adequately explained how all questioning about the video surveillance would improperly "seek[] to turn lay witnesses into de facto experts."  Defs.' Mot. at 11.  More significantly, Defendants have not shown that the video surveillance is "clearly inadmissible on all potential grounds."  *Cook*, 2015 WL 10986407, at *1 (internal quotation marks omitted).  Footage showing the door in operation is potentially relevant to issues of notice and reasonableness, and the current record does not allow the Court to conclude that the jury's viewing of the

video or hearing testimony regarding the video would be generally improper.  Therefore, this request is DENIED.  The Court, however, shall permit specific, reasoned objections to the video surveillance to be raised at trial and shall consider them on their merits.  *Cf. Romero v. Helmerich & Payne Int'l Drilling Co.*, No. 15-cv-00720, 2017 WL 3268878, at *2 (D. Colo. Aug. 1, 2017) ("[A] court is almost always better situated during the actual trial to assess the value and utility of evidence." (internal quotation marks omitted)).

CONCLUSION

As outlined herein, Defendants' Motion in Limine (Doc. No. 67) is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED this 21st day of April, 2021.

CHARLES B. GOODWIN
United States District Judge