# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CHARLENE BRIDGES,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. CIV-19-213-G |
| | ) |
| **WAL-MART STORES EAST, LP,** | ) |
| a Delaware limited partnership, et al., | ) |
| | ) |
|     **Defendants.** | ) |

## ORDER

Now before the Court is a Motion in Limine Regarding Medical Expenses (Doc. No. 70) filed by Plaintiff Charlene Bridges. Defendants Wal-Mart Stores East, LP, and D.H. Pace, Inc., have responded (Doc. No. 78, at pp. 1-2).

In this action, Plaintiff brings negligence claims against Defendants for injuries sustained in an incident on June 4, 2018, when she was struck by an automatic sliding door at a Walmart store in Moore. The matter is set for jury trial in May 2021.

    I.    *Applicable Law*

A motion in limine is a "pretrial request that certain inadmissible evidence not be referred to or offered at trial." *Edens v. Netherlands Ins. Co.*, 834 F.3d 1116, 1130 (10th Cir. 2016) (emphasis and internal quotation marks omitted). Through such a motion, a party may "request . . . guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy." *Id.* (internal quotation marks omitted). "A court's in limine rulings are preliminary and are subject to change as the case unfolds or at its discretion." *Godfrey v. CSAA Fire & Cas.*

*Ins. Co.*, No. CIV-19-329-JD, 2020 WL 1056306, at *1 (W.D. Okla. Mar. 4, 2020) (citing *Luce v. United States*, 469 U.S. 38, 41-42 (1984)).

## II. Plaintiff's Motion

In her Motion, Plaintiff requests that the Court preclude Defendants and their counsel from referencing her past medical expenses and the bills and amounts paid for her past medical treatment.

First, Plaintiff states that she "will not claim, as an item of damage, the amount of [her] past medical bills and expenses incurred for the care and treatment of injuries related to the incident at issue." Pl.'s Mot. at 2. Defendants respond that it is not "entirely clear" that Plaintiff will not be seeking her past bills and expenses as damages and, to the extent she does so, certain bills and provider statements are admissible under Oklahoma's statutory exception to the collateral-source rule. Defs.' Resp. at 1-2 (citing Okla. Stat. tit. 12, § 3009.1); *see also Lee v. Bueno*, 381 P.3d 736, 752 (Okla. 2016).

The Court concludes that Plaintiff's statement quoted above is a clear and unequivocal waiver. *See also* Pl.'s Resp. (Doc. No. 82) at 1 (Plaintiff referring to her "waiver of any claim for past medical expenses"). Therefore, Plaintiff shall not be permitted to seek these past bills and expenses as an item of damages at trial.

Citing numerous cases, Plaintiff next argues that these past bills and expenses are irrelevant to the "pain and suffering" damages that she will be seeking and that introducing such evidence would be unduly prejudicial. *See* Pl.'s Mot. in Limine Regarding Med. Expenses at 2-8.

Defendants do not respond to this argument, and the Court finds Plaintiff's cited authorities persuasive as to these amounts' lack of relevance or materiality to her claim of pain and suffering.  *See, e.g.*, *Payne v. Wyeth Pharms., Inc.*, No. 2:08cv119, 2008 WL 4890760 (E.D. Va. Nov. 12, 2008) ("[T]here is no logical or experiential correlation between the monetary value of medical services required to treat a given injury and the quantum of pain and suffering endured as a result of that injury." (internal quotation marks omitted)); *Campbell v. Garcia*, No. 3:13-cv-0627, 2016 WL 4769728, at *7 (D. Nev. Sept. 13, 2016) ("Because he is not seeking special damages for past medical expenses, there is no relevance between these costs and [the plaintiff's] purported pain and suffering.").

Finally, Plaintiff argues that, pursuant to Oklahoma's collateral-source rule, Defendants may not point to these past bills and expenses, and particularly any payments or discounts applied by an independent source, as a basis for reduction of any award for future damages.  *See* Pl.'s Mot. at 8-13 (citing *Denco Bus Lines, Inc. v. Hargis*, 229 P.2d 560, 564 (Okla. 1951)).  Defendants do not offer any counter to this argument.  Further, the Court already has held that certain opinion testimony must be excluded because "Defendants may not present evidence of application of insurance or other collateral-source funds as to the projected future medical expenses of Plaintiff."  Order of Oct. 16, 2020 (Doc. No. 81) at 9; *see also Beason v. I.E. Miller Servs., Inc.*, 441 P.3d 1107, 1113 (Okla. 2019) ("[T]itle 12, section 3009.1 of the Oklahoma Statutes] does not apply to future medical expenses not yet incurred[.]").  Absent any basis to revise that holding, the Court determines that this similar request should and will be granted.

CONCLUSION

For the reasons outlined herein, Plaintiff's Motion in Limine Regarding Medical Expenses (Doc. No. 70) is GRANTED.

IT IS SO ORDERED this 21st day of April, 2021.

*[signature]*
CHARLES B. GOODWIN
United States District Judge