# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CHARLENE BRIDGES,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. CIV-19-213-G |
| | ) |
| **WAL-MART STORES EAST, LP,** | ) |
| **a Delaware limited partnership, et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

## ORDER

Now before the Court is an Omnibus Motion in Limine (Doc. No. 71) filed by Plaintiff Charlene Bridges. Defendants Wal-Mart Stores East, LP, and D.H. Pace, Inc., have responded (Doc. No. 78, at pp. 2-6).

In this action, Plaintiff brings negligence claims against Defendants for injuries sustained in an incident on June 4, 2018, when she was struck by an automatic sliding door at a Walmart store in Moore, Oklahoma. The matter is set for jury trial in May 2021.

    I.    *Applicable Law*

A motion in limine is a "pretrial request that certain inadmissible evidence not be referred to or offered at trial." *Edens v. Netherlands Ins. Co.*, 834 F.3d 1116, 1130 (10th Cir. 2016) (emphasis and internal quotation marks omitted). Through such a motion, a party may "request . . . guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy." *Id.* (internal quotation marks omitted). "A court's in limine rulings are preliminary and are subject to change as the case unfolds or at its discretion." *Godfrey v. CSAA Fire & Cas.*

*Ins. Co.*, No. CIV-19-329-JD, 2020 WL 1056306, at *1 (W.D. Okla. Mar. 4, 2020) (citing *Luce v. United States*, 469 U.S. 38, 41-42 (1984)).

    II.      Plaintiff's Motion

In her Motion, Plaintiff seeks to prohibit Defendants, Defendants' counsel, and Defendants' witnesses from referring to various items and types of evidence and testimony. *See* Pl.'s Mot. at 1-4.

        A.  *Plaintiff's Subsequent Car Accident*

In July 2020, shortly before she was deposed in this lawsuit, Plaintiff was involved in a car accident and injured some of the same areas of her body as alleged in the 2018 Walmart incident. Plaintiff requests that any evidence of this later unrelated accident be excluded as "serv[ing] no relevant purpose at trial." *Id.* at 3.

Defendants object that, given Plaintiff's claim for future medical damages, they are entitled to examine this potential supervening cause. *See* Defs.' Resp. at 2-4 (citing *Gaines-Tabb v. ICI Explosives, USA, Inc.*, 160 F.3d 613, 620 (10th Cir. 1998) (discussing intervening causation under Oklahoma negligence law).

The Court agrees that such evidence could potentially serve a relevant purpose at trial. This request is DENIED, although the Court will consider any specific objections as they arise. *See Cook v. Peters*, No. 13-cv-107, 2015 WL 10986407, at *1 (N.D. Okla. July 30, 2015) ("A court will generally not grant a motion in limine unless the moving party meets its burden of showing that the evidence in question is clearly inadmissible on all potential grounds." (internal quotation marks omitted)).

B. *Plaintiff's Motives*

Plaintiff asks that the Court exclude any suggestion by defense counsel "that Plaintiff has set up" this proceeding or "is seeking to get rich" through a "lottery ticket" or "windfall" lawsuit.  Pl.'s Mot. at 3, 4.  Plaintiff additionally seeks to prohibit defense counsel from making "disparaging remarks about Plaintiff's counsel." *Id.* at 3.

Defendants respond that they have no intention of making such suggestions or using such terms, although they do plan to show that they did not cause Plaintiff's fall at the Walmart store.  Accordingly, this request is DENIED.

C. *Healthcare Cost*

Citing a Louisiana state-court decision, Plaintiff states, "Attempts by defense counsel or defendant's witnesses to suggest that the jury's decision may result in higher healthcare costs are improper and warrant a new trial." *Id.* at 3.  Plaintiff fails to explain the applicability of this statement, and Defendants answer that they do not intend to make such a suggestion.  This request is DENIED.  *See Hemingway v. Russo*, No. 2:16-cv-00313, 2018 WL 6333788, at *1 (D. Utah Dec. 4, 2018) ("[A] motion in limine is not a procedure by which parties can secure judicial reinforcement of the ever-applicable Federal Rules of Evidence.  It is also not an opportunity for counsel to conceive of every possible evidentiary contingency at trial . . . and obtain prophylactic rulings to prevent them.").

D. *Plaintiff's Attorneys' Advertising*

Plaintiff seeks to preclude any reference to her attorneys' advertisements or "discussions of attorneys that advertise."  Pl.'s Mot. at 3.  Defendants respond that they do not intend to address this subject.  This request is DENIED.

3

*E. A "Lawsuit Crisis"*

Plaintiff asks that there be no mention of a "lawsuit crisis" by Defendants. Defendants respond that they do not plan to mention this subject. *Id.* Plaintiff does not offer an adequate basis for the requested preliminary ruling, and it is DENIED.

*F. Plaintiff's Consultation with an Attorney*

Finally, Plaintiff asks that Defendants be prevented from introducing evidence as to when or why Plaintiff consulted with or hired legal counsel. *See id.* at 4 (citing *Lilly v. Scott*, 598 P.2d 279 (Okla. Civ. App. 1979)). Defendants state that they do not intend to raise the issue. *See* Defs.' Resp. at 5. This request is DENIED.

## CONCLUSION

As outlined above, Plaintiff's Omnibus Motion in Limine (Doc. No. 71) is DENIED.

IT IS SO ORDERED this 21st day of April, 2021.

_____
CHARLES B. GOODWIN
United States District Judge

4